IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ALVIN C. ALLEN JR, § | | |
| *PLAINTIFF,* § | | CASE NO. 1:20-CV-00045 |
| § | | |
| v. § | | JUDGE MICHAEL TRUNCALE |
| § | | |
| TREVOR ZINK, BRIAN WHITESIDE, § | | |
| AUTOFICIO, LLC, KAPEXIA, LLC, § | | |
| *DEFENDANTS*. § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for all pretrial matters. The court has received and considered the report and recommendation of the magistrate judge, which recommends dismissing *pro se* Plaintiff Alvin C. Allen Jr.'s ("Allen") case for a lack of standing. Doc. No. 67. Allen filed timely objections to the report and recommendation. Doc. No. 68. Defendants Brian Whiteside and Autoficio, LLC responded to Allen's objections. Doc. No. 71.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered Allen's objections. The court finds that the magistrate judge's findings and conclusions of law are correct, and that Allen's objections are without merit.

The magistrate judge explained multiple times why Allen lacks standing. *See* Doc. No. 62, 66, 67. To summarize, Allen is the President and majority shareholder of Cimble Corporation. Through multiple versions of his complaint, Allen has alleged that the Defendants defrauded him

and misled him into entering the corporation into a bad deal that ultimately resulted in the company's failure. *See generally* Doc. No. 1, 6, 22, 55. When Allen signed the Share Purchase Agreement, he signed *as President* of Cimble Corporation. Original Compl., Ex. 16.[1] Thus, any causes of action that may have arisen out of the transaction belong to Cimble Corp. Further, Cimble Corp. would recover any damages resulting from such claims. Allen is trying to assert those claims *pro se*, but it is axiomatic that corporations cannot appear in federal court without counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982).

Whether Cimble Corp. is the correct plaintiff, or Allen is proceeding as the representative shareholder in a derivative suit, the Plaintiff must be represented by an attorney. *See Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2013 WL 1196536, at *6 (E.D. Tex. Feb. 21, 2013) ("Because a corporation may not appear before the court except through an attorney, the representative shareholder likewise cannot appear without an attorney in a derivative suit."). The magistrate judge provided Allen with multiple opportunities to retain counsel. Allen was allotted forty-five days, and was warned twice that if he did not retain counsel, his case might be dismissed. Doc. No. 62, 66. Despite having ample time to retain counsel, Allen has not done so. Therefore, Allen lacks standing because he cannot represent Cimble Corp. *pro se*.

To circumvent this issue, Allen argues that his claims are not derivative. In his objections to the report and recommendation, Allen insists that he somehow suffered personally from the Defendants' alleged fraud. *See* Doc. No. 68 at 3-5. But his objections lack merit. If the Defendants

---

[1] The first paragraph of the Share Purchase and Option Agreement clearly states that the agreement is "by and among Cimble Corp., a Texas 'S' corporation (the 'Company') and, Kapexia, LLC, a California Limited Liability Company (the 'Purchaser')."

defrauded him, as he alleges, they must have induced him into doing *something* to his detriment,[2] and the only subsequent action he identifies is entering *the corporation* into the Share Purchase Agreement. Allen's objection that "[t]he injury was directed to plaintiff Allen alone, not Cimble" is flatly contradicted by his allegation that the Defendants' "[o]missions and false representations . . . induced him into agreeing to their valuation, price, and sale terms for Cimble Corp." *Id.* at 3-4. Furthermore, Allen fails to allege that he suffered a concrete injury that is not incidental to the injury he suffered as a shareholder. *See Lowe*, 2013 WL 1196536, at *7 ("An individual cause of action would exist only if the injury to the shareholder were personal to the shareholder and not incidental to an injury to the corporation."). Allen's claims belong to Cimble Corp., and Allen cannot pursue them without counsel. "When a corporation is unrepresented by counsel, the court may properly dismiss its claims." *Lowe*, 2013 WL 1196536, at *8.

It is, therefore, **ORDERED** that Allen's objections (Doc. No. 68) are **OVERRULED**; the magistrate judge's Report and Recommendation (Doc. No. 67) is **ADOPTED**. Accordingly, the above case is **DISMISSED WITHOUT PREJUDICE** with each party to bear its own costs of court. The Clerk is directed to close the case and deny all pending motions as moot.

THIS IS A FINAL JUDGMENT.

                                         **SIGNED this 26th day of March, 2021.**

                                                   Michael J. Truncale
                                                   United States District Judge

---

[2] Under Texas Law, one of the elements of fraud is detrimental reliance—that the plaintiff actually and justifiably relied upon the misrepresentation to his detriment. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., LLC*, 546 S.W.3d 648, 653-54 (Tex. 2018).